**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JENAE S. ASIRE, | No. 20-16478 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00039-RCJ-CLB |
| v. | |
| CARSON CITY SCHOOL DISTRICT; RICHARD STOKES, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Submitted August 4, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Jenae S. Asire appeals the district court's dismissal of her action against her former employer, Carson City School District. Reviewing de novo, we affirm. *See Circuit City Stores, Inc., v. Adams*, 279 F.3d 889, 892 n.2 (9th Cir. 2002).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly held that the arbitration clause was valid and enforceable. The clause complied with governing Nevada law by including, among other things, a specific indication that the compelled party consented to the agreement. NRS 597.995. Nothing about the clause was unconscionable, given that it was four pages long, contained all capital letters noting that some rights are foregone by agreeing to arbitration, and included evidence of assent from Asire. *See D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004) (holding that a finding of unconscionability requires procedural as well as substantive unconscionability), *overruled on other grounds by Home Corp. v. Ballesteros*, 415 P.3d 32 (Nev. 2018).

The district court also properly held that allegations of material breach do not excuse arbitration. *See Local Union No. 721, United Packinghouse, Food & Allied Workers, AFL-CIO v. Needham Packing Co.*, 376 U.S. 247, 251–52 (1964) ("Arbitration provisions, which themselves have not been repudiated, are meant to survive breaches of contract.")

Finally, the district court was correct to deny as moot Asire's motion for judgment on the pleadings. Because the court compelled arbitration, the pending motion for judgment on the pleadings was necessarily moot.

**AFFIRMED.**